**UNITED STATES DISTRICTCOURT**
**FOR THE SOUTHERN DISTRICT OF**
**TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| **Banister & Miller,** **PLLC,** | § § § § | **Civil Cause No.** |
| *Plaintiff,* | § § | |
| **vs.** | § § | |
| **Quto Group, LLC,** **Brendan Davis, and** **Drew Davis,** | § § § § | **(Formerly in District** **Court of Harris County,** **Texas, Cause No.** **2026-22039)** |
| *Defendants.* | § | |

**<u>Index Sheet</u>**

Defendants, Quto Group, LLC, Brendan Davis and Drew Davis, (collectively, the "Removing

Parties") present these index of documents being filed with this removal per Local Rule 81.

1. Plaintiff's original petition

2. Request for citations for Defendant Drew Davis, Brandon Davis and QUTO Group, LLC

3. Docket sheet

4. List of all counsel of record

RESPECTFULLY SUBMITTED,

ART AGUILAR LAW FIRM, PC

BY: */s/ Art Aguilar*
Art Aguilar
SBN: 24091525
18001 Hwy 105 W, Suite 102
Montgomery, TX 77356
art@aguilar-trial-law.com
P: (936) 427-6262
F: (346) 502-3561
Veteran Owned Business*
*Counsel for Defendants*

Page **1** of **1**

EXHIBIT 1

## CAUSE NO. _____

| | | |
|---|---|---|
| **BANISTER & MILLER, PLLC,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **QUTO GROUP, LLC, BRENDAN** | § | |
| **DAVIS, and DREW DAVIS** | § | |
| | § | |
| *Defendants.* | § | **\_\_\_\_\_ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL VERIFIED PETITION

NOW COMES Plaintiff, BANISTER & MILLER, PLLC (referred to herein as "Banister & Miller" or "Plaintiff"), by and through its undersigned attorney of record, and files this Plaintiff's Original Verified Petition against QUTO GROUP, LLC ("QUTO"), BRENDAN DAVIS ("B. Davis"), and DREW DAVIS ("D. Davis") (collectively the "Davis Defendants" and together with QUTO, the "Defendants"), and in support thereof would respectfully show the Court as follows:

## I.

### DISCOVERY LEVEL

1. Discovery is intended to be conducted under Level 3, as set out in Texas Rules of Civil Procedure 190.4.

## II.

### PARTIES

2. Plaintiff BANISTER & MILLER, PLLC is a Texas professional limited liability company with its principal office in Katy, Harris County, Texas.

3. Defendant QUTO GROUP, LLC is a Wyoming limited liability company doing

Unofficial Copy Office of Marilyn Burgess District Clerk

1

business in Texas. It may be served with process by serving its registered agent Registered Agents Inc., 30 N. Gould Street, Suite R, Sheridan, WY 82801, or wherever it may be found.

4. Defendant BRENDAN DAVIS is an individual, founder, manager, and principal of QUTO who at all times acted as its agent and who personally participated in the conduct described herein. He may be served with process at his place of business or residence, 1773 Playa Vista, San Marcos, CA 92078, or wherever he may be found.

5. Defendant DREW DAVIS is an individual, founder, manager, and principal of QUTO who at all times acted as its agent and who personally participated in the conduct described herein. He may be served with process at his place of business or residence, 1773 Playa Vista, San Marcos, CA 92078, or wherever he may be found.

### III.

### JURISDICTION & VENUE

6. Jurisdiction is proper since the amount in controversy exceeds the jurisdictional limits of this court and since QUTO purposefully availed itself of the privilege of conducting business in Texas by communicating with Plaintiff in Texas and accepting funds originating from a Texas financial institution. The resulting economic harm complained of herein also occurred in Texas, where Plaintiff's funds were withdrawn and operations disrupted.

7. Venue is proper in Harris County under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County, and Plaintiff's principal office is located here.

8. Venue is also proper in Harris, County, Texas since Plaintiff entered into and performed the contract in Harris County, Texas, the wire transfer and resulting financial loss

2

occurred from Harris County, Texas, and QUTO's representations and communications were directed to Plaintiff's Harris County, Texas office.

## IV.

## FACTUAL BACKGROUND

9.    Plaintiff Banister & Miller, PLLC ("Banister & Miller") is a Texas professional limited liability company with its principal office in Katy, Harris County, Texas, where it regularly conducts its business operations and maintains its financial accounts. All actions taken by Plaintiff in connection with this transaction—including negotiation, wire transfer, and communications— occurred at and from its Harris County office.

10.    Defendant QUTO Group, LLC ("QUTO") is a Wyoming limited liability company that actively solicits and conducts business with Texas residents, including Banister & Miller. The Davis Defendants are brothers and QUTO's founders and principals.  At all times relevant herein, they acted as QUTO's authorized representatives, directing communications, marketing, and payment instructions into Texas.

11.    In early May 2025, the Defendants purposefully reached into Texas to solicit Banister & Miller's purchase of bulk kratom extract. QUTO's agents initiated calls, emails, and electronic communications with Banister & Miller's Harris County office, representing that QUTO regularly supplied product to U.S. buyers, including several located in Texas, and specifically sought to form a business relationship with this Texas entity.

12.    The Defendants expressly directed Banister & Miller to wire payment from its Texas bank account, Chase Bank in Harris County, Texas, to QUTO's designated receiving account. The payment was made from Texas, through a Texas-based financial institution, and the

3

resulting loss was suffered in Texas. These actions constitute purposeful availment of Texas commerce and establish a substantial connection between Defendants' conduct and the forum.

13. On or about May 12, 2025, Banister & Miller and QUTO entered into a Supplier Agreement through communications transmitted to and accepted in Harris County, Texas. The agreement was negotiated electronically between QUTO's representatives and Banister & Miller's personnel located in Harris County and was accepted by Banister & Miller at its Texas office. Accordingly, the contract was formed in Harris County.

14. Pursuant to the Supplier Agreement, Banister & Miller wired $1,344,000 from its Texas account in reliance on QUTO's promises. QUTO promised to sell 400 kilograms of kratom extract at 75% purity for $1,920,000. Payment terms required a 70% down payment ($1,344,000) immediately, with the balance of $576,000 due upon arrival.

15. In the days that followed, Banister & Miller repeatedly sought shipping confirmation, tracking documents, and airway bills. Defendants made repeated assurances that the cargo was already shipped, that the process was "100% successful," and that delivery would occur within days. In reality, Defendants provided bogus airway bills and conflicting explanations, and no valid tracking information was ever produced.

16. On or about May 27–28, 2025, Defendants caused product to be delivered that they represented was the contracted 400 kilograms of 75% kratom extract. Banister & Miller promptly sent samples for independent laboratory testing.

17. Both Banister & Miller's chosen lab and Defendants' chosen lab found the product to contain between 1.4% and 2.5% Mitragynine—a worthless byproduct, not extract. The delivered material had no resemblance to the promised 75% standardized extract.

4

18.     Banister & Miller immediately notified Defendants of the failed results and demanded a refund. On June 1, 2025, Defendants acknowledged in writing that the product was defective and that Banister & Miller was "entitled to a refund," promising to "come up with a plan to get [the] money back." Despite these admissions, no refund was ever issued.

19.     Internal communications among Defendants confirm that Defendants knew the goods were adulterated, yet continued to reassure Banister & Miller that delivery was "on track" and that payment was secure. These assurances were false and intended only to induce Banister & Miller to part with funds.

20.     Defendants' conduct mirrors the very scheme QUTO later alleged against its own upstream supplier, Reliable Product Services. In its California complaint, QUTO described nearly identical facts—false certificates of analysis, shipment delays, and worthless product delivered at under 2.5% purity. Rather than absorbing that loss, Defendants passed the fraud downstream to Banister & Miller.

21.     Worse yet, Defendants made material and false representations to induce Banister & Miller which related to Defendants' financial wherewithal and ability to provide financial protection to Banister & Miller in the event of any failures or inability to perform.  Indeed, Defendants sent screenshots to Banister & Miller purporting to represent bank account balances which held approximately $15 million, more than enough to cover any loss suffered by Banister & Miller in the event the transaction fell apart for any reason. In other words, Defendants – based on their bank account representations – were capable of protecting Banister & Miller and the funds that were transmitted to complete this transaction.  Unfortunately, this information appears to have been falsified by Defendants in an effort to simply induce Banister & Miller.  Defendants have

5

failed to provide a refund to Banister & Miller.

22.     As a result of Defendants' fraudulent misrepresentations and breach of contract, Banister & Miller lost at least $1,344,000 in wired funds, suffered reputational and operational harm, and was deprived of the use of its capital. Defendants' actions further constitute conversion and theft, as Defendants wrongfully appropriated Plaintiff's money with intent to deprive it of the same.

23.     Defendants made repeated representations to Plaintiff's Texas office that the product had been shipped, was "100% successful," that Defendants had sufficient resources to protect Bannister & Miller, and that delivery would occur within days. All such statements were transmitted via email, text message, and telephone to Banister & Miller's representatives in Harris County. Defendants' communications, misrepresentations, and assurances were purposefully directed at Texas, giving rise to both contractual and tort-based claims within this forum.

24.     The non-conforming goods and fraudulent conduct caused direct economic injury to Banister & Miller in Harris County, Texas. Plaintiff's working capital was withdrawn from its Texas operating accounts, disrupting local business operations and impairing Plaintiff's ability to meet client obligations in Texas. The injury and resulting economic loss were thus suffered within Texas.

25.     Defendants' conduct was not fortuitous—it was deliberate and calculated. Upon information and belief, Defendants routinely transact business with U.S. customers, including those in Texas. Their conduct in soliciting, contracting with, and accepting payment from a Texas company constitutes purposeful availment sufficient to establish personal jurisdiction under Tex. Civ. Prac. & Rem. Code §17.042(1)–(2).

6

26.     At all times, the Davis Defendants acted personally and on behalf of QUTO in making representations to Banister & Miller in Texas. The Davis Defendants personally emailed and texted Plaintiff's representatives in Harris County, transmitted falsified shipping and financial documentation into the forum, and acknowledged the defective nature of the goods in communications directed to Plaintiff's Texas office. The Davis Defendants' individual actions are independently sufficient to subject them to jurisdiction in Texas.

## V.

## CAUSES OF ACTION

### Count 1: Breach of Contract

27.     Banister & Miller repeats and realleges each and every allegation above as if fully set forth herein.

28.     Plaintiff and QUTO entered into a valid Supplier Agreement.

29.     Plaintiff has fully performed all its obligations under the parties' agreement. In fact, Plaintiff caused to be wired the sum of $1,344,000 to QUTO on May 12, 2025.

30.     QUTO has breached the agreement by failing to deliver conforming goods or issue a refund to Plaintiff.

31.     As a direct and proximate result of QUTO's breach and failure to perform under the parties' agreement, Plaintiff has suffered actual damages in an amount exceeding $1,344,000, which sum shall be determined at the trial of this matter.

### Count 2: Fraud & Fraudulent Inducement / Negligent Misrepresentation

32.     Banister & Miller repeats and realleges each and every allegation above as if fully set forth herein.

7

33.     Defendants knowingly made false representations concerning the quality, purity, and delivery of the extract, as well as relating to Defendants' financial health, intending Plaintiff to rely on such false representations and to motivate Plaintiff to make payment to QUTO.

34.     Based on the representations made by Defendants, Plaintiff reasonably relied by wiring funds and forgoing other opportunities. Defendants, collectively, acted knowingly and intentionally to mislead Plaintiff and to induce Plaintiff into performing under the agreement. However, it has subsequently been discovered that Defendants were not truthful or honest with respect to one or more of the following representations: (a) Defendants' knowledge and experience in the industry; (b) Defendants' liquidity and ability to refund Plaintiff's money in the event there were problems or issues with Plaintiff's order; (c) Defendants' book of business and capacity to complete an order of this size and nature; (d) the reliability of Defendants' contacts and sources for product to complete the order for Plaintiff.  Defendants made these representations knowingly and intentionally to induce Plaintiff, even though they were false when made.

35.     Defendants' fraud caused direct damages, including lost funds, lost opportunities, and consequential damages.

36.     As a result of such improper conduct, Plaintiff seeks exemplary damages under TEX. CIV. PRAC. & REM. CODE §41.003.

37.     Alternatively, Defendants provided false information to Plaintiff without exercising reasonable care. Defendants, in the course of their business and in a transaction in which they had a pecuniary interest, supplied false information to Plaintiff regarding the nature, quality, purity, and timely delivery of the kratom extract. Defendants also falsified information relating to their

8

financial condition and ability to protect Plaintiff's funds in the event of any problems or issues with Plaintiff's order.

38.     Specifically, Defendants represented that they could supply 400 kilograms of kratom extract at a minimum 75% Mitragynine purity within 5–7 business days, that the product had been shipped and was "100% successful," and that Plaintiff's payment and funds were secure.

39.     Defendants did not exercise reasonable care or competence in obtaining or communicating this information. In fact, the product delivered contained only 1.4–2.5% Mitragynine, and Defendants' assurances regarding shipping and quality were false.

40.     Defendants did not have the capital liquidity that was promised and falsely represented to Plaintiff.  Defendants have failed to provide a refund to Plaintiff in light of the failures and deficiencies noted in this pleading.

41.     Plaintiff justifiably relied on Defendants' misrepresentations by wiring $1,344,000, foregoing other business opportunities, and committing its working capital to the transaction.

42.     As a direct and proximate result of Defendants' negligent misrepresentations, Plaintiff has suffered damages, including the loss of $1,344,000, lost opportunities, and consequential harm to its business operations.

43.     Plaintiff seeks recovery of all actual damages proximately caused by Defendants' negligent misrepresentations, together with pre- and post-judgment interest, court costs, and such other relief to which Plaintiff may be justly entitled.

**Count 3: Unjust Enrichment**

44.     Banister & Miller repeats and realleges each and every allegation above as if fully set forth herein.

9

45.    In the alternative, and only in the event the Supplier Agreement is found unenforceable, Defendants wrongfully retained Plaintiff's $1,344,000 while providing worthless and non-conforming product.

46.    In addition, or in the alternative, a benefit has been conferred upon Defendants and they will be unjustly enriched if they fail to remit the funds improperly distributed to them in connection with the agreement that has been violated by Defendants, as set forth in the preceding paragraphs.

47.    As a result of Defendants' foregoing acts, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which it now sues.

48.    Plaintiff continues to suffer imminent and irreparable harm as a result of Defendants' acts of diverting funds and in refusing to make a full refund to Plaintiff as a result of Defendants' failure to abide by the agreement of the parties. Equity requires restitution and disgorgement.

### Count 4: Conversion

49.    Banister & Miller repeats and realleges each and every allegation above as if fully set forth herein.

50.    Plaintiff owned and had the right to possession of $1,344,000, which was a specifically identified fund and segregated wire transfer for the purchase of the specified product. However, Defendants wrongfully exercised dominion over those funds, failed to provide conforming product, and have refused to return the funds to Plaintiff.

51.    Plaintiff has requested – on multiple occasions – the return from Defendants of its money, but Defendants have failed to return the funds.

10

52.    Plaintiff has been damaged by the failure of Defendants to return Plaintiff's funds.

### Count 5: Theft Liability Act

53.    Banister & Miller repeats and realleges each and every allegation above as if fully set forth herein.

54.    Under the Texas Theft Liability Act, a defendant is liable for damages resulting from theft of property. TEX. CIV. PRAC. & REM. CODE § 134.001-134.005. There is no dispute – as evidenced by Defendants prior acknowledgments – that Plaintiff owns the funds that have been paid to QUTO but have not been returned. After significant communication between Plaintiff and Defendants, it has been fully demonstrated that Plaintiff is the owner of the funds and is entitled to a refund of those funds from Defendants. However, Defendants unlawfully – and without consent or permission – continue to use, hold, possess, and exercise dominion over the Plaintiff's funds. Defendants have acted intentionally, willfully, and unlawfully by refusing to return Plaintiff's funds.

55.    Plaintiff is entitled to remedies under the Texas Theft Liability Act, including actual damages, attorney's fees, and up to treble damages.

### Count 6: Money Had and Received

56.    Banister & Miller repeats and realleges each and every allegation above as if fully set forth herein.

57.    In the alternative, and only in the event the Supplier Agreement is found unenforceable, Defendants hold money that in equity and good conscience belongs to the Plaintiff. QUTO delivered product that it knew was worthless adulterated materials, then admitted that Plaintiff was entitled to a refund but never returned the money.

11

58.   Regardless of Plaintiff's contract or fraud claims, the Defendants are holding money that belongs to Plaintiff. Plaintiff seeks a judgment for all such sums.

## Count 7: Civil Conspiracy

59.   Banister & Miller repeats and realleges each and every allegation above as if fully set forth herein.

60.   Brendan Davis and Drew Davis combined, agreed, and had a meeting of the minds to accomplish an unlawful purpose, including inducing Plaintiff to wire funds through material misrepresentations concerning product quality, shipment status, and financial liquidity.

61.   In furtherance of that agreement, Brendan Davis and Drew Davis committed overt acts including transmitting false COAs, sending misleading shipment confirmations, circulating financial screenshots, and continuing reassurances after learning of product defects.

62.   Plaintiff suffered damages as a direct result of the conspiracy, as more fully set forth in this pleading.

63.   Defendants are jointly and severally liable.

## Count 8: Alter Ego / Actual Fraud / Sham to Perpetrate Fraud

64.   Banister & Miller repeats and realleges each and every allegation above as if fully set forth herein.

65.   Plaintiff brings this claim in the alternative in the event the Court determines that QUTO Group, LLC is a legally distinct entity from Brendan Davis and Drew Davis for purposes of liability.

66.   Although QUTO is organized as a limited liability company, Texas law permits disregard of the corporate form when the entity is used to perpetrate actual fraud for the direct

12

personal benefit of its owners or managers. Tex. Bus. Orgs. Code § 21.223(b) (applied by analogy to LLCs) and Tex. Bus. Orgs. Code § 101.002.

67.    QUTO operated as the alter ego of Brendan Davis and Drew Davis. There was such unity between the individuals and the entity that the separateness of QUTO had ceased to exist and holding only the entity liable would result in injustice.

68.    Upon information and belief, the following facts demonstrate alter ego:

(a) QUTO was inadequately capitalized relative to a $1.9 million transaction involving bulk extract distribution;

(b) QUTO lacked sufficient independent liquidity to refund Plaintiff's $1,344,000 despite representations that it maintained approximately $15 million in available funds;

(c) Corporate formalities were disregarded, and decision-making authority was exercised directly by Brendan and Drew Davis without meaningful separation between personal and company action;

(d) QUTO functioned as a conduit or pass-through vehicle for funds received from Plaintiff;

(e) Plaintiff's funds were transferred, distributed, or otherwise diverted in a manner inconsistent with legitimate arm's-length operations;

(f) The same individuals controlled communications, financial representations, shipment representations, and disposition of funds without independent oversight or governance structure;

(g) QUTO's public-facing representations were inseparable from the personal representations of Brendan and Drew Davis.

13

69. QUTO was not operated as an independent enterprise but rather as an instrumentality through which Brendan and Drew Davis conducted their personal business and financial activities.

70. In addition, QUTO was used as a sham entity to perpetrate actual fraud.

71. Texas law permits veil piercing when the entity is used to perpetrate an actual fraud for the direct personal benefit of the individual. Tex. Bus. Orgs. Code § 21.223(b).

72. The fraud alleged herein includes, but is not limited to:

(a) Representing that 400 kilograms of 75% Mitragynine extract existed and had been secured;

(b) Representing that shipment had been completed successfully;

(c) Transmitting false or misleading airway bills and shipment confirmations;

(d) Circulating falsified or misleading bank balance screenshots to induce reliance;

(e) Representing that QUTO had sufficient liquidity to protect Plaintiff's funds;

(f) Continuing to provide reassurances after learning that the product was materially defective;

(g) Acknowledging Plaintiff's entitlement to a refund while retaining or diverting funds.

73. These acts were not negligent mistakes. They were specific, verifiable statements of present fact made to induce Plaintiff to wire $1,344,000 from Texas.

74. Upon information and belief, Plaintiff's funds were used in a manner that directly benefitted Brendan Davis and/or Drew Davis, including but not limited to:

14

(a) Distribution of funds to insiders;

(b) Payment of personal expenses;

(c) Payment of unrelated liabilities;

(d) Transfers to affiliated entities;

(e) Retention of funds despite acknowledgment of refund obligation.

75. QUTO was used as a liability shield to retain Plaintiff's funds while avoiding personal accountability for fraudulent conduct.

76. The fraud described herein resulted in a direct personal benefit to Brendan Davis and Drew Davis.

77. Even if funds were not formally distributed as "profits," personal benefit includes the ability to control, direct, use, or divert funds obtained through fraud.

78. By retaining Plaintiff's $1,344,000 and failing to issue a refund after admitting product defect, Defendants obtained financial benefit and avoided personal exposure that would otherwise have arisen had they not operated through QUTO.

79. Respecting QUTO's separate existence under these circumstances would promote injustice by allowing individuals to:

(a) Induce large wire transfers through false representations;

(b) Acknowledge entitlement to refund;

(c) Retain funds;

(d) Shield themselves behind a thinly capitalized entity.

80. The corporate form cannot be used as a mechanism to accomplish fraud and avoid personal responsibility. Therefore, Plaintiff requests that the Court disregard the corporate form of

15

QUTO Group, LLC and hold Brendan Davis and Drew Davis personally liable for all damages awarded against QUTO. Plaintiff further requests a finding that QUTO was used to perpetrate actual fraud for the direct personal benefit of its principals. Plaintiff seeks joint and several liability against all Defendants.

**VI.**

**ATTORNEYS' FEES**

81.     Banister & Miller repeats and realleges each and every allegation above as if fully set forth herein.

82.     Plaintiff is entitled to recover reasonable and necessary attorneys' fees. As a result of Defendants' actions, as set forth in this Petition, Plaintiff was required to engage the services of the undersigned. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code and Section 134 of the Texas Theft Liability Act, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas. Pursuant to the Texas Civil Practice and Remedies Code, Plaintiff hereby makes this written presentment of its claim for attorneys' fees in a reasonable amount of $20,000. Such attorneys' fees are further damages that Plaintiff will necessarily incur in prosecuting this lawsuit. To the extent that this dispute is ongoing, it is reasonably expected that the amount of attorney's fees will increase, and Plaintiff submits that Defendants should be liable for such other and further amounts.

## VII.

## CONDITIONS PRECEDENT

83.     All conditions precedent to Plaintiff's recovery have been performed or have occurred.

## VIII.

## REQUIRED DISCLOSURE

84.     Plaintiff hereby requests that Defendants comply with the Required Disclosures as provided by Rule 194 of the Texas Rules of Civil Procedure. Required Disclosures must be made within thirty (30) days after the filing of the first answer. Tex.R.Civ.P. 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited and served to appear and that upon trial hereof, that this Court enter a judgment in favor of Plaintiff for the following: (1) Judgment against Defendants for actual damages (including incidental, consequential, and/or special damages) within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as allowed by law; (2) Judgment against Defendants for exemplary damages and penalties as permitted by law, as set forth above; (3) Judgment against Defendants for reasonable and necessary attorney's fees; (4) Costs of court; and, (5) Plaintiff be granted such other relief, at law or in equity, as is just and proper.

17

Respectfully submitted,

**TOBY B. FULLMER, L.L.C.**

By:     /s/ *Toby B. Fullmer*
        Toby B. Fullmer
        TBA #24043667
        toby@fullmerlegal.com
        P.O. Box 22355
        Houston, Texas 77227
        713/355-4357 Office
        713/961-0384 Facsimile

        **ATTORNEY FOR BANISTER &
        MILLER PLLC**

18

CAUSE NO. _____

| | | |
|---|---|---|
| BANISTER & MILLER, PLLC, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| QUTO GROUP, LLC, BRENDAN | § | |
| DAVIS, and DREW DAVIS | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## VERIFICATION

STATE OF TEXAS          §
                        §
COUNTY OF HARRIS        §

Before me, the undersigned notary, personally came and appeared **ROBERT MILLER, as manager and member of BANISTER & MILLER, PLLC,** who, after being duly sworn, did say that he is the duly authorized representative of **Banister & Miller PLLC**, Plaintiff in the foregoing Original Petition, that he has read the Petition and the factual allegations contained therein, and that based upon his personal knowledge and review of the company's records, the allegations of fact contained in the Petition are true and correct to the best of his knowledge and belief.

*/s/ R.t.m.mil*

**BANISTER & MILLER PLLC**
**By: Robert Miller**
**Its Manager and Member**

Sworn to and subscribed before me this _31st_ day of March, 2026.

*/s/ Debra Anne Accetta*
Name: _Debra Anne Accetta_
My commission expires: _Oct 4, 2027_



DEBRA ANNE ACCETTA
My Notary ID # 125659535
Expires October 4, 2027

4/2/2026 10:33 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 113179342
By: Jarod Stirrup
Filed: 4/2/2026 10:33 AM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** 2026-22039    **CURRENT COURT:** 190th

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE:** 04/02/2026    Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to: **QUTO GROUP, LLC**

Address of Service: **30 N. Gould Street, Suite R, Sheridan, WY 82801**

Agent (if applicable) **REGISTERED AGFENTS, INC.**

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

☒ **Citation**   ☐ **Citation by Posting**   ☐ **Citation by Publication**   ☐ **Citations Rule 106 Service**

☐ **Citation Scire Facias**   **Newspaper**_____

☐ **Temporary Restraining Order**   ☐ **Precept**   ☐ **Notice**

☐ **Protective Order**

☐ **Secretary of State Citation ($12.00)**   ☐ **Capias** (not by E-Issuance)   ☐ **Attachment** (not by E-Issuance)

☐ **Certiorari**   ☐ **Highway Commission/Texas Department of Transportation ($12.00)**

☐ **Commissioner of Insurance ($12.00)**   ☐ **Hague Convention ($16.00)**   ☐ **Garnishment**

☐ **Habeas Corpus** (not by E-Issuance)   ☐ **Injunction**   ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)** _____

(See additional Forms for Post Judgment Service)

**SERVICE BY** (check one):

☐ **ATTORNEY PICK-UP (phone)** _____
☐ **MAIL to attorney at:** _____
☐ **CONSTABLE**
☐ **CERTIFIED MAIL by CONSTABLE**
☐ **CERTIFIED MAIL by DISTRICT CLERK**

☒ **E-Issuance by District Clerk**
**(No Service Copy Fees Charged)**

**Note**: The email registered with EfileTexas.gov must be used to retrieve the E-issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: **Toby B. Fullmer** Bar # or ID **24043667**

Mailing Address: PO BOX 22355, HOUSTON, TEXAS 77227

Phone Number: 713.355.4357   Email: toby@fullmerlegal.com

4/2/2026 10:33 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 113179342
By: Jarod Stirrup
Filed: 4/2/2026 10:33 AM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:**  2026-22039          **CURRENT COURT:** 190th

**Name(s) of Documents to be served:**  Plaintiff's Original Petition

**FILE DATE:** 04/02/2026    Month/Day/Year
**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to:  **BRENDAN DAVIS**

Address of Service:  **1773 Playa Vista, San Marcos, CA 92078**

Agent (if applicable)

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

☒ **Citation**          ☐ **Citation by Posting**        ☐ **Citation by Publication**        ☐ **Citations Rule 106 Service**

☐ **Citation Scire Facias**      **Newspaper**_____

☐ **Temporary Restraining Order**        ☐ **Precept**            ☐ **Notice**

☐ **Protective Order**

☐ **Secretary of State Citation ($12.00)**    ☐ **Capias** (not by E-Issuance)    ☐ **Attachment** (not by E-Issuance)

☐ **Certiorari**                ☐ **Highway Commission/Texas Department of Transportation ($12.00)**

☐ **Commissioner of Insurance ($12.00)**    ☐ **Hague Convention ($16.00)**    ☐ **Garnishment**

☐ **Habeas Corpus** (not by E-Issuance)    ☐ **Injunction**            ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (*check one*):
☐ **ATTORNEY PICK-UP (phone)** _____    ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney at:** _____        **(No Service Copy Fees Charged)**
☐ **CONSTABLE**                    ***Note***: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by CONSTABLE**        used to retrieve the E-issuance Service Documents.
☐ **CERTIFIED MAIL by DISTRICT CLERK**    Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____    Phone: _____
☐ **OTHER**, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  **Toby B. Fullmer** Bar # or ID    **24043667**

Mailing Address: PO BOX 22355, HOUSTON, TEXAS 77227

Phone Number: 713.355.4357   Email: toby@fullmerlegal.com

4/2/2026 10:33 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 113179342
By: Jarod Stirrup
Filed: 4/2/2026 10:33 AM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:**   2026-22039          **CURRENT COURT:** 190th

**Name(s) of Documents to be served:**  Plaintiff's Original Petition

**FILE DATE:** 04/02/2026     Month/Day/Year
**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to:  **DREW DAVIS**

Address of Service:  **1773 Playa Vista, San Marcos, CA 92078**

Agent (if applicable)

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

☒   **Citation**        ☐   **Citation by Posting**        ☐   **Citation by Publication**        ☐   **Citations Rule 106 Service**
☐ **Citation Scire Facias      Newspaper**_____
☐ **Temporary Restraining Order**        ☐   **Precept**        ☐   **Notice**
☐  **Protective Order**
☐   **Secretary of State Citation ($12.00)**        ☐   **Capias** (not by E-Issuance)        ☐   **Attachment** (not by E-Issuance)
☐  **Certiorari**        ☐   **Highway Commission/Texas Department of Transportation ($12.00)**
☐ **Commissioner of Insurance ($12.00)**        ☐ **Hague Convention ($16.00)**        ☐   **Garnishment**
☐ **Habeas Corpus** (not by E-Issuance)        ☐   **Injunction**        ☐   **Sequestration**
☐  **Subpoena**
☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐  **ATTORNEY PICK-UP (phone)** _____        ☒ **E-Issuance by District Clerk**
☐   **MAIL to attorney   at:** _____                 **(No Service Copy Fees Charged)**
☐   **CONSTABLE**                                                  *Note*: The email registered with EfileTexas.gov must be
☐  **CERTIFIED MAIL by CONSTABLE**                          used to retrieve the E-issuance Service Documents.
☐  **CERTIFIED MAIL by DISTRICT CLERK**                  Visit www.hcdistrictclerk.com for more instructions.

☐   **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
☐   **OTHER**, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  **Toby B. Fullmer** Bar # or ID    **24043667**

Mailing Address: PO BOX 22355, HOUSTON, TEXAS 77227

Phone Number: 713.355.4357   Email: toby@fullmerlegal.com

Unofficial Copy Office of Marilyn Burgess District Clerk




**Print All** 🖨 *(non-financial)*

**Chronological History**

## Summary ➕

## Images ⭐ ➖

\* Note: Not every case file in our library of records is available in electronic format. (A document may be filed in a case that is not viewable electronically.) Only **non-confidential** civil/criminal documents are available to the public. If a document in a case you are looking for is not available, please **click here** to notify Customer Service.

**You may print and save uncertified copies of documents from the preview window.**

**Purchase Order**
🛒 ( 0 documents )
**Print List** 🖨

If you are not a litigant in this case, you may visit our Customer Service departments to obtain copies of documents. Confidential or Sealed documents may not be dispensed to public customers.

If you are a litigant that is a party of this case and would like access to the restricted documents, please click **here**.

Reset Sort

| Image No. | Type | Title | Post Jdgm | Date | Pages | Add Entire Case 🛒 |
|---|---|---|---|---|---|---|
| 📄 **125937446** | Filing | Plaintiff's Original Verified Petition | | 04/02/2026 | 19 | Add to Basket 🛒 |
| 📄 **125952983** | Filing | CPR - QUTO GROUP LLC | | 04/02/2026 | 1 | Add to Basket 🛒 |
| 📄 **125952984** | Filing | CPR DAVIS, BRENDAN | | 04/02/2026 | 1 | Add to Basket 🛒 |
| 📄 **125952985** | Filing | CPR - DAVIS, DREW | | 04/02/2026 | 1 | Add to Basket 🛒 |

## Appeals ➕

## Cost Statements ➕

## Transfers ➕

## Post Trial Writs ➕

## Abstracts ➕

## Parties ➕

## Court Costs ➕

## Judgments/Events ➕

## Settings ➕

## Services/Notices ➕

**UNITED STATES DISTRICTCOURT**
**FOR THE SOUTHERN DISTRICT OF**
**TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| **Banister & Miller, PLLC,** | § § § § § § § § § § § § § | **Civil Cause No.** |
| *Plaintiff,* | | |
| vs. | | |
| **Quto Group, LLC, Brendan Davis, and Drew Davis,** | | **(Formerly in District Court of Harris County, Texas, Cause No. 2026-22039)** |
| *Defendants.* | | |

<u>**Counsel Contact Information**</u>

Defendants, Quto Group, LLC, Brendan Davis and Drew Davis, (collectively, the "Removing Parties") present this list of all counsel of record in this case

1. **FOR PLAINTIFF**

   Toby Fullmer
   toby@fullmerlegal.com
   **Banister & Miller, PLLC**
   23410 Grand Reserve Dr., Suite 501
   Katy, Texas 77494, United States

2. **FOR DEFENDANTS**

   **ART AGUILAR LAW FIRM, PC**
   Art Aguilar
   SBN: 24091525
   18001 Hwy 105 W, Suite 102
   Montgomery, TX 77356
   art@aguilar-trial-law.com
   P: (936) 427-6262
   F: (346) 502-3561